United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GRACE PURGANAN,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK N.A,<br>Defendant. | Case No. 18-cv-03102-HSG<br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. Nos. 15, 11 |

Pending before the Court is the motion to dismiss Plaintiff Mary Grace Purganan's First Amended Complaint, Dkt. No. 14 ("FAC"), filed by Defendant Wells Fargo Bank N.A. ("Wells Fargo"). Dkt. No. 15. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court GRANTS Defendant's motion.

I. **BACKGROUND**

The operative First Amended Complaint, filed on June 21, 2018, alleges four causes of action under California and Federal law based on Defendant's alleged mishandling of Plaintiff's loan modification application. *See* Dkt. No. 14 ("FAC"). In 2007, Plaintiff obtained a $515,000 mortgage secured by Plaintiff's property located at 89 Muirwood Drive, Daly City, California 94014 (the "Property"). FAC ¶¶ 1, 6–7. Defendant recorded a notice of default on Plaintiff's mortgage in October 2015.[1] Dkt. No. 12-1. On July 27, 2017, Plaintiff submitted a loan

---

[1] Defendant has requested that the Court take judicial notice of the Notice of Default. Dkt. No. 12. The Notice of Default is a publicly-recorded document, and the Court **GRANTS** Defendant's unopposed request for judicial notice. *See Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1205 n.2 (N.D. Cal. 2012), *aff'd sub nom. Jara v. Aurora Loan Servs., LLC*, 633 F. App'x 651 (9th Cir. 2016) (taking judicial notice of a notice of default); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908–909 (9th Cir. 2003). The Court considers the representations within the judicially-noticeable materials as demonstrations of what Defendant understood at the time the representations were made.

modification application to Defendant. FAC ¶ 8. Between that date and October 5, 2017, Plaintiff alleges that she submitted all documents in support of that loan modification requested by Defendant. *Id.* ¶¶ 9–10. Defendant recorded a Notice of Trustee's Sale against the Property on October 11, 2017. *Id.* ¶ 10.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

### A. Completeness

Defendant contends that Plaintiff has failed to allege a violation of California Civil Code

Sections 2924.11(a)[2] and 12 C.F.R. 1024.41(g), pursuant to the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et. seq.*, because Plaintiff "does not provide factual allegations to support her legal conclusion that she submitted a complete application to Defendant on October 5, 2017." Dkt. No. 15 at 5–6.

California Civil Code section 1024.41(b)(1) states: "A complete loss mitigation application means an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower." 12 C.F.R. § 1024.41(b)(1). The FAC alleges that Plaintiff "submitted all of the documents requested by Defendant within the time frame required." FAC ¶ 10. Taking all allegations in the FAC as true, Plaintiff has plausibly alleged that the application submitted on October 5, 2017 was complete within the meaning of the statute.

**B. Damages**

Defendant contends that Plaintiff has failed to plead any damages attributable to Defendant's conduct. Dkt. No. 15 at 8–9. "Federal district courts have found sufficiently pled actual damages include the assertion of concrete harms caused by the RESPA violation itself, not harms generally resulting from a plaintiff's default and the foreclosure of his or her home." *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 532 (2013), *as modified* (June 12, 2013), *and disapproved of on other grounds by Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919 (2016).

Plaintiff alleges damages including "the imminent loss of her property to foreclosure; an accumulation of late fees and additional charges on the loan account while Defendant mishandled the review; the loss of reputation and goodwill within the community, and extreme emotional distress." FAC ¶ 33. Plaintiff has failed to plead damages resulting from the RESPA violation

---

[2] The FAC cites a version of section 2924.11 that was repealed as of December 31, 2018 and amended such that it no longer applies to a notice of sale. *Compare* Cal. Civ. Code § 2924.11(a) (January 1, 2018) *with* Cal. Civ. Code § 2924.11(a) (January 1, 2019). Plaintiff's claims brought under section 2924.11 are therefore DISMISSED. *See Rankin v. Longs Drug Stores California, Inc.*, 169 Cal. App. 4th 1246, 1256 (2009) ("When a pending action seeks recovery based on a statutorily-based obligation, and that statutory provision is repealed by legislation not containing an express saving clause, the California courts have consistently concluded the pending actions should be abated.").

3

and not from Plaintiff's own default. *See Jenkins*, 216 Cal. App. 4th at 533 (Plaintiff's allegations "fail[ed] to show her claimed damages for fees, negative credit reports, and emotional distress were plausibly incurred because of the alleged RESPA violation, and were not the consequences of her earlier default").

Likewise, because Plaintiff's negligence and UCL causes of action rely on the same dual-tracking allegations underlying Plaintiff's RESPA claim, Plaintiff has not alleged damages attributable to Defendant's unlawful conduct. *See Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 614 (2014) (finding no causation for damages where the "prospect of losing the home to foreclosure [was] the result of default, not the alleged conduct of defendants").

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** with leave to amend Defendant's motion to dismiss as to all claims. Any amendment must be made within 21 days of this order. The Court **SETS** a case management conference on March 12, 2019 at 2:00 p.m. The parties are directed to file a case management statement, including a proposed case schedule, on or before March 5, 2019. Docket Number 11 is terminated as moot.

**IT IS SO ORDERED.**

Dated: 1/31/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge