UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY GRACE PURGANAN,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A,<br><br>Defendant. | Case No. 18-cv-03102-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 37 |

Pending before the Court is the motion to dismiss Plaintiff Mary Grace Purganan's Second Amended Complaint, filed by Defendant Wells Fargo Bank N.A. ("Wells Fargo"). Dkt. No. 37 ("Mot."). The Court held a hearing on the motion on June 6, 2019. Having carefully considered the parties' briefs and arguments, for the following reasons the Court **GRANTS** Defendant's motion.

**I.  BACKGROUND**

In this foreclosure action, Plaintiff brings claims against Wells Fargo for its alleged misconduct relating to the review of her loan modification. *See generally* Dkt. No. 32 ("FAC"). For purposes of deciding the motion to dismiss, the following allegations are taken as true.

In 2007, Plaintiff obtained a $515,000 mortgage secured by Plaintiff's property located at 89 Muriwood Drive, Daly City, California 94014 (the "Property"). SAC ¶¶ 1, 6–7. Defendant recorded a notice of default on Plaintiff's mortgage in October 2015. Dkt. No. 38-2, Ex. B.[1] On

---

[1] Defendant has requested that the Court take judicial notice of the Notice of Default, Dkt. No. 38-1, Ex. A. Dkt. No. 38. Plaintiff does not object. Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen*

or around July 27, 2017, Plaintiff submitted a loan modification application to Defendant. FAC ¶ 8. Between then and October 5, 2017, Plaintiff alleges that she submitted all documents to complete the loan modification application. *Id*. ¶¶ 9–10. Plaintiff contends that Defendant, on October 11, 2017, recorded a Notice of Trustee's Sale against the Property before making a determination on her loan modification application. *Id*. ¶ 10.

On January 31, 2019, the Court dismissed Plaintiff's first amended complaint ("FAC") in its entirety for failure to state a claim. Dkt. No. 31 ("Dismissal Order"). In the Dismissal Order, the Court held that although Plaintiff plausibly alleged that the loan modification application was complete, Plaintiff failed to plead any damages resulting from Defendant's alleged unlawful conduct, as the damages were a result of her own default. Dismissal Order at 3–4. Following the Dismissal Order, Plaintiff filed the SAC, asserting substantially the same four claims under California and federal law: (1) violation of California's Homeowners' Bill of Rights, California Civil Code § 2923.6 ("HBOR"); (2) violation of Real Estate Settlement Procedures Act, 12 C.F.R. § 1024.41(g) ("RESPA"); (3) negligence; and (4) violation of California Business and Professions Code § 17200 *et seq*. ("UCL"). SAC ¶¶ 11–43. Plaintiff seeks injunctive relief and damages. SAC, Demand for Jury Trial and Prayer for Damages.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a

---

*Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citation and quotations omitted). The Notice of Default is a publicly-recorded document, and therefore the Court takes judicial notice of its existence and of its representations as demonstrations of what Defendant understood at the time the representations were made. *See Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1205 n.2 (N.D. Cal. 2012), *aff'd sub nom. Jara v. Aurora Loan Servs., LLC*, 633 F. App'x 651 (9th Cir. 2016) (taking judicial notice of a notice of default).

2

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotations and citation omitted).

## III. DISCUSSION

### A. California Civil Code § 2923.6 (HBOR) (Claim One)

Plaintiff's first cause of action alleges a violation of California Civil Code § 2923.6(c), which prohibits a borrower from "dual tracking." SAC ¶¶ 11–18. Under Section 2923.6(c):

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

Cal. Civ. Code § 2923.6(c) (2019). Plaintiff alleges that she submitted a complete loan modification application on October 5, 2017, but before she received a determination on her loan modification, Wells Fargo recorded a Notice of Trustee's Sale on December 11, 2017, in violation of § 2923.6(c). SAC ¶¶ 13–17.

Defendant first argues that Plaintiff's HBOR claim is preempted by federal law, specifically the Home Owners' Loan Act of 1933 ("HOLA"), and therefore Plaintiff's HBOR

3

1 claim must be dismissed with prejudice. Mot. at 5–6. Alternatively, Defendant asserts that
2 Plaintiff fails to plead a "material violation" of § 2923.6(c). Mot. at 6–7. The Court addresses
3 each argument below.

### i. HOLA Preemption

Defendant contends that HOLA, codified at 12 U.S.C. § 1461 *et seq.*, preempts Plaintiff's HBOR claim against it. Under HOLA, Congress gave the Office of Thrift Supervision ("OTS") broad authority to regulate lending activity by federal savings associations. *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008) (citing 12 C.F.R. § 560.2). The loan here was issued by World Savings Bank, a federal savings association subject to HOLA. *See* SAC ¶ 7. However, World Savings Bank subsequently merged into Wells Fargo, which is not a federal savings association. But according to Defendant, application of HOLA preemption post-merger still applies and has been recognized in other court decisions. Mot. at 5. Plaintiff asserts that HOLA preemption does not apply to conduct by Wells Fargo after the federal savings association ceased to exist. Dkt. No. 43 ("Opp.") at 3.

12 C.F.R. § 560.2(a) states that the OTS is authorized to promulgate regulations "that preempt state laws affecting the operations of *federal savings associations*." 12 C.F.R. § 560.2(a) (emphasis added). Under this framework, the Ninth Circuit set forth the following analysis when determining whether state law claims are preempted by HOLA:

> When analyzing the status of state laws under [12 C.F.R.] § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

*Silvas*, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)). 12 C.F.R. § 560.2(b) lists the categories of state law that are preempted by HOLA, and include laws that regulate activity such as licensing, registration, filings, reporting by creditors, terms of credit, loan-related fees, escrow accounts, processing, origination, servicing, and sale or

4

purchase of mortgages. 12 C.F.R. § 560.2(b). Under 12 C.F.R. § 560.2(c), however, claims based on contracts, real property, and torts are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations." 12 C.F.R. § 560.2(c).

The threshold question here is whether HOLA applies to Wells Fargo, given that Wells Fargo is not a federal savings association. Defendant concedes that there is a split among the courts as to whether HOLA preemption attaches to the loan or the lender, but argues that more recent case law "shows that courts are indeed ruling that HOLA preempts claims brought against Wells Fargo." Dkt. No. 44 ("Reply") at 1–2. The Ninth Circuit has not yet addressed this issue, and the Court recognizes that there is a split among the district courts in this circuit. *See Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 991 (N.D. Cal. 2014) (citing cases). The Court finds the recent decisions in this district holding that HOLA does not preempt dual tracking claims to be more persuasive. *See, e.g.*, *Snider v. Wells Fargo Bank, N.A.*, No. 18-CV-06353-RS, 2019 WL 1473459, at *5 (N.D. Cal. Feb. 12, 2019) ("State laws regulating nonjudicial foreclosure sales are not preempted by HOLA" (citation omitted)); *Rijhwani v. Wells Fargo Home Mortg., Inc.*, No. C 13-05881 LB, 2014 WL 890016, at *6 (N.D. Cal. Mar. 3, 2014) ("in nearly all of those cases [where the court held HOLA preemption applied], the plaintiffs either failed to argue otherwise or conceded the issue, the upshot being that the courts never had to grapple with it; instead, the courts simply concluded, without much analysis, that HOLA preemption applied").

HOLA was enacted as a response to the "inadequacies of the existing state system" during a time when a record number of homes were in default and a "staggering number" of state-chartered savings associations were insolvent. *Silvas*, 514 F.3d at 1004. The purpose of HOLA was to restore public confidence by creating a nationwide system of *federal* savings and loan associations to be centrally regulated. *Id.* Here, the alleged wrongful conduct occurred *after* the federal savings association ceased to exist, and preemption would not serve the original intent of HOLA. Indeed, it seems unlikely that HOLA "contemplated the subsequent mortgage crisis and the resulting mergers of federal savings banks into national banks or loan servicing as it exists today." *Penermon*, 47 F. Supp. 3d at 995. Although the Ninth Circuit in *Silvas* held that "[a]ny doubt should be resolved in favor of preemption," 514 F.3d at 1005, "preemption is not some sort

of asset that can be bargained, sold, or transferred," *Rijhwani*, 2014 WL 890016, at *7 (quotations and citation omitted). HOLA preemption was created for the benefit of *federal savings associations*, which Wells Fargo is not. Accordingly, the Court agrees that whether HOLA preemption applies depends on the nature of the claims: that is, whether they arise from alleged misconduct by a federal savings association, or by a national bank after acquisition of a federal savings association. In this case, since the alleged misconduct occurred after Wells Fargo absorbed World Savings Bank, the Court finds that HOLA preemption does not apply to the dual tracking claim at issue.

### ii. Material Violation

Having concluded that HOLA does not preempt Plaintiff's HBOR claim, the Court next addresses the merits of Plaintiff's dual tracking allegation. Defendant avers that Plaintiff fails to allege a "material" violation under California Civil Code § 2924.12, a defect that is fatal to Plaintiff's claim. The Court agrees.

Under § 2924.12, Plaintiff must plead a "material violation" of the specified foreclosure provisions. *See* Cal. Civ. Code § 2924.12 (2019). Although neither the statute nor California state courts have defined materiality for purposes of § 2924.12, district courts have held that a "material violation" is one that "affect[s] [the plaintiff's] loan obligations or the loan modification process." *Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 869 (N.D. Cal. 2017) (quotations citation omitted). Under this definition, even assuming that Defendant's action constituted impermissible dual tracking, Plaintiff does not plead how this violation is material. She merely alleges that she is now "at risk of foreclosure," SAC ¶ 17, and that "Defendant's actions clearly interfered with the modification review process," Opp. at 11. But Plaintiff does not explain *how* the dual tracking interfered with the review process: in other words, she does not contend that she was denied a loan modification to which she was entitled, or that the dual tracking affected her loan modification application in any way. *See Galvez v. Wells Fargo Bank, N.A.*, No. 17-CV-06003-JSC, 2018 WL 2761917, at *6 (N.D. Cal. June 7, 2018). Plaintiff does not dispute that she defaulted on her loan in October 2015 and that she would have undergone foreclosure proceedings regardless.

Plaintiff's conclusory allegations fall short of the basic pleading requirements to survive a motion to dismiss, because she has only pled the elements of the claim. *See Cardenas*, 281 F. Supp. 3d at 870 (plaintiff failed to allege how defendants' misconduct affected plaintiff's loan obligations, disrupted the loan modification process, or caused plaintiff to suffer harm plaintiff would not have suffered otherwise). However, because the Court did not address the merits of the dual tracking claim in the previous Dismissal Order, the Court will allow Plaintiff one more chance to amend her HBOR claim to plead materiality.[2] The Court cannot say at this stage that amendment would be futile. Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's HBOR claim with leave to amend.

### B. RESPA (Claim Two)

Under 12 C.F.R. § 1024.41(g), if a "borrower submits a complete loss mitigation application … a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale," absent certain enumerated exceptions. 12 C.F.R. § 1024.41(g). Plaintiff's RESPA violation is based on the same dual tracking allegations as those in her HBOR claim. SAC ¶¶ 19–24. As the Court held in its Dismissal Order, Plaintiff must plead actual damages that "include the assertion of concrete harms caused by the RESPA violation itself, not harms generally resulting from a plaintiff's default and the foreclosure of his of her home." Dismissal Order at 3 (quoting *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 532 (2013), *as modified* (June 12, 2013), *and disapproved of on other grounds by Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919 (2016)). Therefore, to survive a motion to dismiss, Plaintiff must plead damages that are attributable to Defendant's alleged misconduct.

Plaintiff's SAC fails to cure these deficiencies, and as a result, her RESPA claim must be dismissed. In the SAC, Plaintiff now adds conclusory allegations that she suffered "foreclosure fees which would not have been due but for Defendant's actions," a negative "detrimental[] impact[]" to her credit report, and "severe emotional distress." SAC ¶ 24; *see also* Opp. at 11.

---

[2] Plaintiff's HBOR claim in the FAC was for a violation of California Civil Code § 2924.11, which was repealed as of December 31, 2018 and amended such that it no longer applies to a notice of sale. The Court therefore dismissed Plaintiff's claim brought under § 2924.11. Dismissal Order at 3 n.2.

7

But these additional allegations fail to salvage Plaintiff's claim. Similar to the allegations in her FAC, these alleged damages did not result from the RESPA violation but from Plaintiff's own default. *See Jenkins*, 216 Cal. App. 4th at 533 (Plaintiff's allegations "fail[ed] to show her claimed damages for fees, negative credit reports, and emotional distress were plausibly incurred because of the alleged RESPA violation, and were not the consequences of her earlier default."). Accordingly, because this is Plaintiff's second attempt to allege damages attributable to Defendant's misconduct, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's RESPA claim without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) ("where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad").

### C. Negligence (Claim Three)

Similarly, because Plaintiff's negligence cause of action relies on the same dual tracking allegations underlying Plaintiff's RESPA claim, Plaintiff has not sufficiently amended her claim to allege damages attributable to Defendant's unlawful conduct. *See Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 614 (2014) (finding no causation for damages where the "prospect of losing the home to foreclosure [was] the result of default, not the alleged conduct of defendants").

Further, as the Court has previously stated, the Ninth Circuit unambiguously has held that application of the *Biakanja* factors leads to the conclusion that lenders do not owe borrowers a duty of care to process loan modification applications within a particular time frame. *Ivey v. JP Morgan Chase Bank, N.A.*, No. 16-CV-00610-HSG, 2016 WL 4502587, at *5 (N.D. Cal. Aug. 29, 2016) (citing *Anderson v. Deutsche Bank Nat. Trust Co. Americas*, 649 F. App'x 550, 552 (9th Cir. 2016)). While Plaintiff's negligence claim is premised on Defendant's failure to comply with RESPA rather than delays in processing her application, the Court finds that the Ninth Circuit's reasoning equally applies to Plaintiff's allegations. *See Anderson*, 649 F. App'x at 552 (explaining that "when the lender did not place the borrower in a position creating a need for a loan modification, [ ] no moral blame ... attache[s] to the lender's conduct" (quotations and citation omitted and alterations in original)); *see also Badame v. J.P. Morgan Chase Bank, N.A.*,

641 Fed.Appx. 707, 709 (9th Cir. 2016) (reasoning that lender "did not owe Plaintiffs a duty of care when considering their loan modification application because 'a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money'" (citation omitted)).[3] Accordingly, because Plaintiff has not alleged any damages caused by Defendant's unlawful conduct or established that Wells Fargo owed her a duty of care, her negligence claim is **DISMISSED** without leave to amend. *See Zucco*, 552 F.3d at 1007.

### D. California's UCL (Claim Four)

Finally, Plaintiff's UCL claim is also dismissed. For the same reason as Plaintiff's negligence claim, because the UCL claim relies on the RESPA allegations, Plaintiff fails to allege damages attributable to Defendant's unlawful conduct. *See Graham*, 226 Cal. App. 4th at 614. And, Plaintiff's SAC has failed to adequately allege any unfair, unlawful, or fraudulent conduct by Wells Fargo. *See Ivey*, 2016 WL 4502587, at *6. Plaintiff's UCL claim is **DISMISSED** without leave to amend. *See Zucco*, 552 F.3d at 1007.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss the SAC, Dkt. No. 37. Plaintiff's RESPA, negligence, and UCL claims are **DISMISSED WITHOUT LEAVE TO AMEND**, and Plaintiff's HBOR claim is **DISMISSED WITH LEAVE TO AMEND**. To the extent Plaintiff is able to adequately plead materiality with respect to her HBOR claim, Plaintiff may file one final amended complaint within 21 days of the date of this Order. Plaintiff may not bring additional claims in her amended complaint.

**IT IS SO ORDERED.**

Dated: 6/19/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] As unpublished Ninth Circuit decisions, *Anderson* and *Badame* are considered only for their persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

9